UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------------

Trustees of the Operating Engineers Local 137, 137A, 137B,      )
137C & 137R Annuity, Pension, Welfare and Apprenticeship        )
Skill Improvement & Safety Funds of the International Union      )      Index # 21-cv-9291
of Operating Engineers, Local 137, 137A, 137B, 137C & 137R,     )
                                                                )
                                    Plaintiffs,                  )      COMPLAINT
                                                                )
                    -against-                                   )
                                                                )
                                                                )
STATE CONTRACTING CORP. OF NY a/k/a STATE                       )
CONTRACTING CORP., d/b/a CAPITAL INDUSTRIES a/k/a               )
CAPITAL INDUSTRIES CORP.                                        )
                                                                )
                                    Defendant,                  )
                                                                )

-----------------------------------------------------------------------------------------------------

Trustees of the Operating Engineers Local 137, 137A, 137B, 137C & 137R Annuity, Pension,

Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating

Engineers, Local 137, 137A, 137B, 137C & 137R (hereinafter referred to as the "Funds") and the

International Union of Operating Engineers Local 137, 137A, 137B, 137C & 137R (hereinafter referred to

as the "Union") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act

of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter

referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C.

Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f));

and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions to the Plaintiffs. This Complaint alleges that by failing, refusing or neglecting to submit the required monetary contributions to the Funds and Union, Defendants violated their Collective Bargaining Agreement, the respective Trust Agreements of the Funds, the Taft Hartley Act and ERISA.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section

502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. related to the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 1360 Pleasantville Road, Briarcliff Manor, NY 10510, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Plaintiff Union maintains an office and is administered at 1360 Pleasantville Road, Briarcliff Manor, NY 10510, in the County of Westchester.

10. Upon information and belief, the Defendant, State Contracting Corp. of NY a/k/a State Contracting Corp. d/b/a Capital Industries a/k/a Capital Industries Corp. , (hereinafter referred to as "the Employer") at all relevant times, was an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 555 Saw Mill River Road, Yonkers, NY 10701, in the County of Westchester.

**CAUSES FOR RELIEF**
**AS AND FOR A FIRST CLAIM FOR RELIEF**

12. The Employer executed a C.B.A. with the Union.

13. The C.B.A. requires an Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary

contributions in accordance with the C.B.A. and the Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy").

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds and Union from the Employer, contribution reports, fringe benefit contributions and dues check-off.

15. The Employer has failed and refused to remit to the Funds and Union fringe benefit contributions and dues check-off due and owing under the C.B.A. and in accordance with the C.B.A. and Policy for the period April 1, 2021 through to and including July 31, 2021 in the amount of $41,063.18.

16. The amount described in paragraph 15 above is due and owing to the Funds and Union are self-reported and are subject to audit pursuant to the Agreement.

17. The Employers' failure, refusal or neglect to remit the proper contributions, and dues check-off to the Plaintiffs constitutes a violation of the C.B.A.

18. Pursuant to the C.B.A., as a result of the Employers' delinquency, the delinquent Employer may be required to pay, in addition to the delinquency, interest, together with liquidated damages in the amount of ten (10%) percent of the total delinquency, attorneys' fees, auditing service fees (if applicable), court costs and disbursements

19. Accordingly, the Employer is liable to Plaintiffs for the minimum amount of $41,063.18 in unpaid fringe benefit fund contributions and dues check-off for the period April 1, 2021 through to and including July 31, 2021 plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

<strong><u>AS AND FOR A SECOND CLAIM FOR RELIEF</u></strong>

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the collective bargaining agreements and/or trust indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions owed to Plaintiffs as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due, together with attorneys' fees, court costs and disbursements incurred in this action.

24. The failure to pay has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union and has further injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Defendant is liable to the Funds and Union for the minimum amount of $41,063.18 in unpaid fringe benefit contributions and dues check-off for the period April 1, 2021 through to and including July 31, 2021, plus interest, liquidated damages, attorneys' fees, court costs and disbursements, pursuant to Section 502 ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA and the Collective Bargaining Agreement, the Employers are required to timely submit current fringe benefit contributions, dues check-off and reports to Plaintiffs.

29. During the course of the instant action, additional contributions may become due and owing. If the Defendant fails to timely remit the contributions as part of this action, by the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against State Contracting Corp. of NY a/k/a State Contracting Corp. d/b/a Capital Industries a/k/a Capital Industries Corp., as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of $41,063.18 for unpaid fringe benefit contributions and dues check-off owed to the Funds and Union for work performed for the period April 1, 2021through to and including July 31, 2021 plus interest, liquidated damages, attorneys' fees, court costs and disbursements as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal, plus interest from date contributions should have been paid and liquidated damages.

On All Claims for Relief:

(e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
November 5, 2021

Respectfully submitted,
Barnes, Iaccarino & Shepherd LLP

/s/ Michele J. Harari, Esq.
Michele J. Harari, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
mharari@bislawfirm.com